UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JESSIE BROWN #231109,

    Petitioner,

v.

    Case No. 1:15-cv-1084

    HON. JANET T. NEFF

BONITA HOFFNER,

    Respondent.

_____/

## AMENDED OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Petitioner asserted twelve grounds for habeas relief. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition: "Grounds I to VIII and XI to XII are without merit, Ground IX is both procedurally defaulted and without merit, and Ground X is both procedurally defaulted and noncognizable" (R&R, ECF No. 36 at PageID.1481). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court previously issued an Opinion and Order, and Judgment (ECF Nos. 40, 42) conditionally granting habeas relief to Petitioner on the limited issue of sentencing based on improper judicial factfinding raised in Petitioner's Objection 1. The Court ordered the case remanded to state court for resentencing (Order of Remand, ECF No. 41). However, on reconsideration, the Court concludes that Petitioner is not entitled to resentencing, and therefore issues this Amended Opinion and Order, modifying its analysis of Objection 1. The

Court will also issue an Amended Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

### *Objection 1: Sentencing Claims*

Petitioner argues that the Magistrate Judge erred in determining that *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015): (1) did not clearly establish the unconstitutionality of Michigan's sentencing scheme, and (2) does not apply to Petitioner's case to entitle him to federal habeas relief (Obj., ECF No. 36 at PageID.1538-1542).

The arguments and analysis on this issue are set forth in the Report and Recommendation (ECF No. 36 at PageID.1493-1497). The Magistrate Judge concluded that *Lockridge* did not clearly establish the unconstitutionality of Michigan's minimum sentencing scheme because reasonable jurists could and did disagree about whether *Alleyne v. United States*, 570 U.S. 99 (2013), applied to the calculation of Michigan's minimum sentencing guidelines (R&R, ECF. No. 36 at PageID.1496-1497, citing 28 U.S.C. § 2254(d)). The Magistrate Judge relied on decisions of the state court and the Sixth Circuit:

> As is apparent from the reasoned decisions of the Michigan Court of Appeals in [*People v.*] *Herron*, 845 N.W.2d [533, 539 (Mich. Ct. App. 2013)], and the Sixth Circuit in *Kittka* [*v. Franks*, 539 F. App'x, 668, 673 (6th Cir. 2013)], and *Saccoccia* [*v. Farley*, 573 F. App'x, 383, 485 (6th Cir. 2014)], as well as the decision of the dissenting justices in *Lockridge* itself, reasonable jurists could and did disagree about whether *Alleyne* applied to the calculation of Michigan's minimum sentencing guidelines. *Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme.

(R&R, ECF No. 36 at PageID.1497).

However, the Court observes that in light of the Sixth Circuit Court of Appeals' decision in *Robinson v. Woods*, 901 F.3d 710 (6th Cir. 2018), *cert. denied sub nom. Huss v. Robinson*, No. 18-680, 2019 WL 887795 (U.S. Feb. 25, 2019), issued after the Report and Recommendation and

Petitioner's Objection, to the extent that the Report and Recommendation determined that "reasonable jurists could and did disagree about whether *Alleyne* applied to the calculation of Michigan's minimum sentencing guidelines" and "*Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme," that determination is no longer valid.

In *Robinson*, 901 F.3d at 712, the Sixth Circuit concluded that "[b]ecause *Alleyne* clearly established that mandatory minimum sentences may only be increased on the basis of facts found by a jury or admitted by a criminal defendant, *Alleyne*, 570 U.S. at 108, 133 S. Ct. 2151, the Michigan Court of Appeals' disposition of Robinson's case 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1)." The Sixth Circuit conditionally granted Robinson's petition for a writ of habeas corpus, limited to his sentence, and remanded the case to the district court with instructions to remand to the state sentencing court for further proceedings consistent with its opinion and the United States Constitution. *Robinson*, 901 F.3d at 712, 718.

The analysis in *Robinson*, however, does not apply to Petitioner's case to warrant remand to the state sentencing court as in *Robinson* because *Alleyne* was not decided until June 17, 2013—after the Michigan Court of Appeals' adjudication of Petitioner's case on October 16, 2012. *See People v. Brown*, No. 306201, 2012 WL 4899695, at *6-7 (Mich. Ct. App. Oct. 16, 2012). "Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant habeas relief to a state prisoner with respect to any claim that has been 'adjudicated on the merits in State court proceedings' unless the state-court adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Greene v. Fisher*, 565 U.S. 34, 35-36 (2011) (quoting 28 U.S.C. § 2254(d)(1)). "[C]learly established Federal law" does not include

decisions of the Supreme Court "that are announced after the last adjudication of the merits in state court but before the defendant's conviction becomes final." *Id*. at 35, 38. Petitioner's case was decided by the Michigan Court of Appeals eight months before the Supreme Court's decision in *Alleyne*. Thus, *Alleyne* does not apply to Petitioner's case.

Accordingly, this Court denies Petitioner's objection to the Report and Recommendation, based improper judicial factfinding, and more specifically, on *Alleyne*. The Magistrate Judge's analysis and conclusion as to Petitioner's claim of improper judicial factfinding is rejected only to the extent it is inconsistent with the Sixth Circuit's decision in *Robinson* (*see* R&R, ECF No. 36 at PageID.1494-1497). Nonetheless, Petitioner is not entitled to habeas relief under *Greene*.

### ***Objection 2: Expert Testimony***

Petitioner argues that the Magistrate Judge erred in his determination that a sexual-assault expert did not testify in Petitioner's case and thus Petitioner was not prejudiced by the expert's testimony (Obj., ECF No. 37 at PageID.1562-1563; R&R, ECF No. 36 at PageID.1518-1519). Petitioner contends that he was prejudiced because the expert was called while the jury was seated (Obj., ECF No. 37 at PageID.1562-1563).

The objection is denied. Petitioner could not have been prejudiced by the expert's testimony because, as the Magistrate Judge noted, the expert was not allowed to testify after the trial judge considered the expert's proposed testimony outside the presence of the jury (R&R, ECF No. 36 at PageID.1485, citing T. Tr. I, ECF No. 16-3 at PageID.496; *see also* ECF No. 16-3 at PageID.525). The record reflects that the witness was called to the stand, and the jury was then excused (*id*.)

### *Remaining Objections*

Petitioner states additional objections to the Magistrate Judge's recommended dismissals of all but Ground XII (Pet'r Obj., ECF No. 37). Petitioner fails to advance any specific challenges to the Magistrate Judge's determinations for review by this Court. Petitioner merely states that he disagrees with the Magistrate Judge, and otherwise provides only bare references to the record and string citations to cases; reiterates arguments before the Magistrate Judge or raises arguments not presented to the Magistrate Judge; and provides mere conclusory statements. For instance, "Petitioner disagrees," and "feels" that alleged inaccurate information in his presentence investigation report violated his Sixth and Fourteenth Amendment rights, but Petitioner provides no coherent argument to support this objection (*see* Pet'r Obj., ECF No. 37 at PageID.1545). Similarly, he states: "Petitioner contends that he was seriously prejudiced due to the delay" of his trial because "Petitioner was unable to locate witnesses …" (*id*. at PageID.1550). In support of this conclusion, Petitioner merely lists three names. Petitioner fails, as noted by the Magistrate Judge, to show how their alleged unavailability could have affected the outcome of his trial (*id*.; R&R, ECF No. 36 at PageID.1511).

An objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). The Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. District courts need not provide de novo review of frivolous, general, or conclusive objections. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Additionally, arguments not raised before the Magistrate Judge are not properly raised in an objection to a Report and

Recommendation. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998); *Bartlett v. Borgess Hosp.*, No. 1:17-cv-1138, 2018 WL 4521936 at *1 (W.D. Mich. Sept. 21, 2018).

Petitioner's general statements of disagreement with the Magistrate Judge's conclusions—rather than specific objections—do not adequately identify Petitioner's issues of contention with the Report and Recommendation and do not provide a proper basis for review by this Court. *See Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995) ("objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious"); *see also Mira*, 806 F.2d at 637. The Magistrate Judge thoroughly considered Petitioner's claims in a lengthy, 59-page Report and Recommendation; Petitioner's remaining objections set forth no discernable issues that mandate a contrary result. The objections are therefore denied.

Certificate of Appealability

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. To the extent this Court has denied Petitioner's habeas petition on the merits as noted herein, this Court finds that reasonable jurists would not find the Court's

assessment of Petitioner's claims debatable or wrong as to each issue asserted. A certificate of appealability will therefore be denied as to each of these issues.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* To the extent this Court has denied Petitioner's habeas petition on procedural grounds as noted herein, the Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. A certificate of appealability will therefore be denied as to these issues.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 37) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 36) is APPROVED and ADOPTED as the Opinion of the Court except as discussed herein with respect to Objection 1.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation and herein.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: June 18, 2019　　　　　　　　　　　　　　　　　　/s/ Janet T. Neff  
　　　　　　　　　　　　　　　　　　　　　　　　　　　JANET T. NEFF  
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge